505 S.E.2d 327

**In the Matter of Susan E. SHIBLEY, Respondent.**

Supreme Court of South Carolina.

Aug. 26, 1998.

## ORDER

The Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(b), RLDE, Rule 413, SCACR, and seeking the appointment of an attorney pursuant to Rule 31, RLDE, Rule 413, SCACR. Disciplinary Counsel also seeks to have respondent held in contempt for failing to cooperate with the investigation, seeks an order compelling respondent to produce certain files, and seeks to have her trust and/or operating accounts frozen.

By Order dated July 2, 1998, respondent was ordered to appear before this Court to show cause why the relief sought by Disciplinary Counsel should not be granted. A hearing was held in this matter on August 12, 1998, and respondent did not appear.

IT IS ORDERED that respondent's license to practice law in this State is suspended until further order of this Court.

IT IS FURTHER ORDERED that William E. Winter, Jr., Esquire, of Gaffney, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating accounts(s), and any other law office accounts respondent may maintain. Mr. Winter shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Winter may make disbursements from respondent's trust account(s), escrow account(s), operating accounts(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating account(s) of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that William E. Winter, Jr., Esquire, has been duly appointed by this Court.

We find beyond a reasonable doubt that respondent is in contempt. However, we decline to impose a sanction at this time. Respondent is ordered to cooperate with the Office of Disciplinary Counsel and shall immediately turn over to that Office any and all files and other materials that Disciplinary Counsel seeks.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal, J.

/s/ James E. Moore, J.

/s/ E.C. Burnett, III, J.

WALLER, J., not participating.